IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEN KINNEY, on behalf of Plaintiff and the class members described below,<br><br>Plaintiff,<br><br>v.<br><br>AMAZON.COM, INC.; and AMAZON.COM SERVICES LLC;<br><br>Defendants. | Case No. 1:23-cv-02523<br><br>Hon. Jorge L. Alonso |

**DEFENDANTS AMAZON.COM, INC.'S AND AMAZON.COM SERVICES LLC'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S AMENDED CLASS ACTION COMPLAINT**

Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") respectfully submit this Memorandum of Law in support of their Motion to Dismiss Plaintiff's First Amended Class Action Complaint ("FAC") pursuant to Federal Rules of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, and 9(b), for failure to plead claims sounding in fraud with the requisite particularity. Plaintiff has failed to remedy the defects identified in Amazon's earlier motion to dismiss, and the Court therefore should dismiss this case for the reasons that follow.

**I.     INTRODUCTION**

This is Plaintiff Ben Kinney's ("Plaintiff's") second attempt to bring a putative class action based on alleged "false price advertising" to Amazon Prime customers. In his original complaint (the "Original Complaint") (Dkt. No. 1), Plaintiff alleged that Amazon had falsely represented the "list" price of a television he purchased on sale from Amazon in October 2022. *See* Dkt. No. 1. As raised in Amazon's first motion to dismiss (Dkt. No. 17), however, Plaintiff failed to identify

1

any requisite misrepresentation on the part of Amazon, and failed to allege any injury to himself caused by Amazon's advertising of the television. Confronted with these arguments, Plaintiff filed the FAC (Dkt. No. 22).

The FAC fails to cure the deficiencies of the Original Complaint: Plaintiff still fails to allege with particularly any fraudulent conduct by Amazon, nor has he identified any misrepresentation or alleged injury. Without any factual support or specificity, Plaintiff claims that Amazon "rarely" sold the television at the list price advertised. But such bare allegations cannot support the causes of action he purports to assert nor provide the basis for any suggestion of any harm to Plaintiff. The Seventh Circuit has twice affirmed the dismissal of nearly identical lawsuits, recognizing these same failures. *See Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736–37 (7th Cir. 2014) (plaintiff's "'naked assertions devoid of further factual enhancement' are insufficient to support a claim" of comparative price deception); *Kim v. Carter's Inc.*, 598 F.3d 362, 363-66 (7th Cir. 2010) (plaintiffs fail to establish price deception because they "got the "benefit of their bargain and suffered no actual pecuniary harm"). Accordingly, Amazon brings this motion based on the following fatal deficiencies in the FAC:

*First*, Plaintiff's ICFA and WCPA claims must be dismissed because Plaintiff does not allege that Amazon made any misrepresentation that could serve as the necessary predicate to such claims and because there is a complete failure of any alleged harm to Plaintiff. This is particularly true in light of express disclosures on Amazon's website that thoroughly explain Amazon's pricing practices and the comparisons being made. Plaintiff admits that these disclosures are on Amazon's website and cites them in his FAC.

*Second*, Plaintiff's ICFA and WCPA claims must be dismissed because they fail to comply with Rule 9(b)'s heightened pleading requirements. Plaintiff has failed to explain, which he must

(*Camasta*, 761 F.3d at 737), why any statement he cites is in fact a misrepresentation or deceptive act with the particularity required by Rule 9(b).

***Finally***, Plaintiff's claim for breach of contract should be dismissed because Plaintiff has not alleged how Amazon breached any contract at issue, or any damages resulting from the breach.

For these reasons, Plaintiff's FAC should be dismissed in its entirety.

## II. STATEMENT OF FACTS[1]

In October 2022, Plaintiff purchased an LG television for $1,496.99 on Amazon.com. FAC ¶¶ 24, 27. Plaintiff, who is a member of Amazon's Prime subscription service, alleges that the television was included in Amazon's two-day "Early Access Day Sale" exclusively for Prime members, and as part of the sale, was initially advertised as being 40% off, marked down from a list price of $2,499.99. *Id.* ¶¶ 24-25, Exs. A-B. Once Plaintiff added the television to his cart, the checkout page showed that the television was on a "Lightning Deal" and that he was being given a Prime discount of $700, off a list price of $2,196.99. *Id.* ¶ 27, Ex. C. Plaintiff claims he "relied on Exhibits A-C [the Early Access Day sale event, the television advertisement, and the checkout page, respectively] in purchasing the television" and, as a result, "believed that he was being offered a genuine price reduction." *Id.* ¶¶ 28-29.

Plaintiff alleges these price reductions were misleading because "Amazon never in fact sold the TV for $2,499 at all between June 2021 and September 2021" and, instead, "[b]etween May and Sept. 2022, [the TV] was mostly listing for under $1,600, when it jumped to $2,100, just before the sale." *Id.* ¶ 26. Plaintiff's allegations are based solely on Exhibit D to the FAC, which shows results from a public website, camelcamelcamel.com, that purportedly tracks price histories

---

[1] The allegations of the FAC are taken as true solely for purposes of this motion. Defendants reserve all rights on these matters, including the proper corporate entities to be defendants in this case, should it proceed.

3

at Amazon and other retailers, including the price history of a television bearing the same make and model as the one Plaintiff purchased. *Id.*, Ex. D. Exhibit D includes information to suggest that as of October 4, 2022, and going back to March 2021, the lowest price on Amazon for the television was $1,549.00, the highest price was $2,758.66, and, on average, Amazon's price was $1,985.00. *Id.* While Exhibit D suggests that the price of the television varied, it also denotes that the television sold at or above the average price of $1,985.00 for months at a time. *Id.* Moreover, Exhibit D shows that over the same time period, third-party retailers sold Plaintiff's television for as low as $1,596.99, as high as $2,496.99, and, on average, for $1,887.74—still nearly $400 more than what Plaintiff paid. *Id.* Plaintiff alleges he was "not aware" of camelcamelcamel.com or the price history reflected therein until after making his purchase. *Id.* ¶ 31.

In any event, Plaintiff acknowledges that Amazon's "Strike-Through Pricing and Savings" policy explains that:

> Items on Amazon may display a List Price, Was Price, or other strike-through pricing or saving information on the product detail page.
>
> The **List Price** is the suggested retail price of a new product as provided by a manufacturer, supplier, or seller. Except for books, Amazon will only display a List Price if the product was purchased by customers on Amazon or offered by other retailers at or above the List Price in the past 90 days for non-seasonal products (like TVs and Headphones) and in the past 180 days for seasonal products (like ski jackets and shoes). List prices may not necessarily reflect the prevailing market price of a product. . . .
>
> The **Was Price** is determined using the 90-day median price paid by customers for the product on Amazon. We exclude prices paid by customers for the product during a limited time deal. . . .
>
> You may see additional strike-through pricing and savings information:
> - Based on savings from the "List" or "Was" price, items may also have a You Save dollar value and percentage-off display.
> - Lowest Price in 30 Days or Best Price in 30 Days means that the current price is lower than, or equal to, the lowest featured offer price for this item sold on Amazon in the past 30 days.

*Id.* ¶ 34; *See* Amazon, https://www.amazon.com/gp/help/customer/display.html?nodeId =GQ6B6RH72AX8D2TD (last accessed July 17, 2023). Plaintiff admits also that the Strike-Through Pricing and Savings policy has "no requirement for any minimum number of sales." FAC ¶ 35. Plaintiff fails to allege that Amazon failed to abide by these disclosed policies.

Plaintiff nevertheless alleges that "[b]ut for Amazon's improper advertising practices, Plaintiff would not have purchased the television from Amazon, or would have shopped around and paid less for the same television elsewhere." *Id.* ¶ 49. But Plaintiff fails to allege (because he cannot) that he was denied the terms or pricing he saw advertised, that he did not receive the television he selected, or that the television was defective or caused him to change his opinion about its value.

Plaintiff identifies no misrepresentation, particularly in light of Amazon's express pricing disclosures, and yet proposes to represent a nationwide class of "(a) all individuals (b) who purchased goods on Amazon Prime (c) with a price of $500 or more (c) [sic] at a price which Amazon represented to involve savings compared to a comparison price (d) not maintained by Amazon at least 50% of the past six months and (e) the purchase was made within [three, four or five[2]] years prior to filing of this action." *Id.* ¶¶ 56, 70, 87. Plaintiff seeks compensatory damages, treble damages, punitive damages, and attorneys' fees and costs. *Id.* ¶¶ 62, 76, 93.

### III.    LEGAL STANDARD

#### A.    Federal Rule of Civil Procedure 12(b)(6)

A complaint must "show[] that the pleader is entitled to relief" and dismissal is required if a pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2),

---

[2] Plaintiff seeks a period going back three years from the date of filing suit for the breach of contract claim (Count I), five years for the Illinois consumer protection claim (Count II), and four years for the Washington Consumer Protection Act claim (Count III).

5

12(b)(6). On a motion to dismiss under Rule 12(b)(6), a court must assess whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although courts must accept well-pleaded facts as true and view them in the light most favorable to a plaintiff, it is insufficient for a plaintiff merely to offer conclusory statements that simply recite the elements of claims for relief. *Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 678. Thus, a claim is facially plausible only when it allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Iqbal*, 556 U.S. at 678. "A plaintiff may plead himself out of court by alleging facts showing that he has no legal claim." *Camasta v. Jos. A Bank Clothiers, Inc.*, No. 12 C 7782, 2013 WL 474509, at *1 (N.D. Ill. Feb. 7, 2013) (citing *Peterson v. McGladrey & Pullen, LLP*, 676 F.3d 594, 600 (7th Cir. 2012); *Atkins v. City of Chi.*, 631 F.3d 823, 832 (7th Cir. 2011)).[3]

### B. Federal Rule of Civil Procedure 9(b)

Rule 9(b) imposes a higher pleading standard than that required under Rule 8. *See Camasta*, 761 F.3d at 736-37. A plaintiff alleging claims sounding in fraud "must state with particularity the circumstances constituting [that] fraud." Fed. R. Civ. P. 9(b). The Seventh Circuit has held that Rule 9(b) "requires describing the 'who, what, when, where, and how' of the fraud." *Camasta*, 761 F.3d at 737 (citation omitted). "[T]he particularity requirement of Rule 9(b) is

---

[3] "While review under Rule 12(b)(6) is limited to the complaint, courts consider documents attached to and incorporated in the complaint as part of the complaint[.]" *ONI Risk Partners, Inc. v. Donley*, No. 318CV00055TWPMPB, 2019 WL 266591, at *2 (S.D. Ind. Jan. 18, 2019) (citing *Santana v. Cook County Bd. of Rev.*, 679 F.3d 614, 619 (7th Cir. 2012); *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010)). "When a party attaches exhibits to its complaint and incorporates the exhibits into the pleadings, if there are contradictions between the exhibits and the complaint, the exhibits generally will control." *Id.* (citing *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013)).

designed to discourage a 'sue first, ask questions later' philosophy." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 441 (7th Cir. 2011) (citations omitted).

IV. **ARGUMENT**

    A. **Plaintiff's ICFA and WCPA Claims Should All Be Dismissed for Failing to Allege Any Misrepresentation, Causation, or Damages.**

Plaintiff alleges that Amazon engages in "unfair and deceptive practices" by "sell[ing] goods to Prime customers at fictious sale prices," "using devices such as countdown timers . . . to create a false sense of urgency" around sale prices, and "inflating the prices of merchandise prior to sales events" in alleged violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA")[4] and the Washington Consumer Protection Act ("WCPA"), Rev. Code Wash. §§ 19.86.020, *et seq*. FAC ¶¶ 64-66, 80-82. Plaintiffs' claims, however, must offer more than bald assertions that (1) Amazon made a misleading or deceptive statement, and that (2) the misleading statement caused Plaintiff to suffer economic injury.[5]

---

[4] In Count II of the FAC, Plaintiff also cites provisions of the Illinois Unfair Deceptive Trade Practices Act ("IUDTPA") on which his ICFA violations are purportedly based. FAC ¶ 68. Any practice described in section 2 of the UDTPA – the section Plaintiff cites – that is "in the conduct of any trade or commerce" is unlawful under the ICFA. *N. Ill. Ins. Agency, Inc. v. Leading Ins. Grp. Ins. Co. (US)*, No. 13 C 50248, 2014 WL 2860703, at *2 (N.D. Ill. June 23, 2014). The only remedy for claims under the IUDTPA, however, is injunctive relief, *Camasta*, 2013 WL 474509, at * 5, which Plaintiff does not seek in this case and which is seemingly why Plaintiff does not bring a separate IUDTPA claim in the FAC. Nevertheless, because Count II is based on the same alleged deceptive conduct by Amazon, failure to plead the ICFA claim would necessarily result in the failure to plead an IUDTPA claim. *Kahn v. Walmart, Inc.*, No. 22 C 4177, 2023 WL 2599858, at *4 (N.D. Ill. Mar. 21, 2023) (on appeal on other grounds). As such, this Motion focuses only on Plaintiff's failure to plead a claim under the ICFA, which proves he is incapable of sustaining a claim under the IUDTPA.

[5] To the extent Plaintiff alleges that Amazon engages in deceptive trade practices by advertising "Exclusive deals" to Prime members (*see* FAC ¶¶ 64, 80), those allegations fail to state a claim under both Illinois and Washington consumer protection law for the same two reasons. First, Plaintiff alleges no facts to show that Amazon makes any misleading or deceptive statement with respect to Prime benefits. As demonstrated by Exhibit C to the FAC, Plaintiff did in fact receive a Prime-exclusive savings of $700 on the television he purchased. *See Id.*, Ex. C. Second, Plaintiff cannot allege any facts to show how Amazon's advertisements caused him harm. To the contrary, Plaintiff's own allegations, taken as true, demonstrate that based on Amazon's advertising of Prime savings for members, he was able to purchase a television at the lowest cost ever offered in Amazon's store. *See id.*, Exs. C-D.

Indeed, despite amending the Original Complaint, Plaintiff still has not and cannot allege facts to establish either element. To the contrary, the facts alleged in the FAC cannot and do not plausibly allege that Amazon's statements with respect to its prices were inaccurate. And even if Plaintiff could plausibly allege a misrepresentation on the part of Amazon, he cannot plausibly allege that he suffered any injury as a result of purchasing a television at the price for which it was advertised. Accordingly, and for the reasons set forth in detail below, these claims should be dismissed.

### 1. Plaintiff's ICFA Claim Should Be Dismissed for Failure to State a Claim.

The limited factual allegations in the FAC fail to state a plausible claim for relief under the ICFA. To plead a claim under the ICFA, Plaintiff must allege "(1) a deceptive act or practice by the defendant, (2) the defendant's intent that the plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Robinson v. Walgreen Co.*, No. 20 C 50288, 2022 WL 204360, at *6 (N.D. Ill. Jan. 24, 2022) (citing *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856 (Ill. 2005)).

Here, Plaintiff still fails to identify any deceptive act or practice on which to predicate his claim. Nor has Plaintiff pled facts demonstrating "actual damage." These pleading deficiencies are fatal to Plaintiff's claim.

#### a. Plaintiff Has Not Alleged Any Deceptive or Misleading Statement Made by Amazon.

Plaintiff's ICFA claim must be dismissed because he has failed to plead the first foundational element—that Amazon engaged in a deceptive act or practice. "A court may dismiss an ICFA claim at the pleading stage if the statement is not misleading as a matter of law." *Fuchs v. Menard*, No. 17-cv-01752, 2017 WL 4339821, at *3 (N.D. Ill. 2017). "A statement is deceptive

if it creates a likelihood of deception or has the capacity to deceive, in that it may mislead a 'reasonable consumer,' as understood in light of all the information available to plaintiffs." *Id.*

Plaintiff's claim is based on the limited allegations that the television he purchased fr was advertised as discounted based on an inflated "list" price, and that Amazon rushed customers into taking advance of the discount by advertising it as a limited-time "lighting deal." FAC ¶¶ 27, 48, 64-66. Plaintiff alleges that based on the discounts he was being shown, he "believed he was being offered a genuine substantial price reduction." *Id.* ¶ 29. But with all of the information available to Plaintiff at the time of his purchase, any claim of deception is implausible. *See Killeen v. McDonald's Corp.*, 317 F. Supp. 3d 1012, 1013 (N.D. Ill. 2018) ("Illinois law is clear that where other information is available to dispel [the] tendency [to mislead consumers], there is no possibility of deception"); *Tudor v. Jewel Food Stores, Inc.*, 681 N.E.2d 6, 8 (Ill. App. 1997) (no ICFA claim against grocery store that charged a higher price at the register than the price stated in ads and on the shelf because the receipt accurately reflected the price charged).

Here, Plaintiff admits that Amazon readily discloses its pricing practices, including its list prices, through its Strike-Through Pricing and Savings policy available on its website, FAC ¶ 34, and the exhibits to the FAC plainly establish that Amazon's advertisement of the television Plaintiff purchased was consistent with that policy. By way of example, Exhibit C reflects that Plaintiff purchased the television for $1,496.99 less than a list price of $2,196.99, and Exhibit D affirms that in October 2022, the list price of the television on Amazon.com was, in fact, $2,196.99.

In essence, Plaintiff's FAC is based on a list price, contrasted by a discounted price, which was the price Plaintiff ultimately paid. The fact that Plaintiff was charged the price clearly displayed for the television undermines any claim of deception. FAC ¶¶ 25, 27. Plaintiff does not allege that the quality of the television was lower than advertised or that the television was, in fact,

worth more or less than the price he paid. Nor does Plaintiff allege facts asserting that Amazon made any statements about the television's "value" or the length of time at which it had been sold at any price. Plaintiff simply does not and cannot allege any facts to show that the price he paid for the television was not a "genuine" reduction.

In all, Plaintiff fails to show that Amazon made any false representation. For that reason alone, Plaintiff's ICFA claim should be dismissed.

        **b.    Plaintiff Fails to Plausibly Plead Causation or Actual Damages under the ICFA.**

Plaintiff must plausibly plead causation and actual damages to succeed on his ICFA claim. *Kim*, 598 F.3d at 365. Actual damage requires that the plaintiff suffer "actual pecuniary loss." *Id.* (citing *Mulligan v. QVC, Inc.*, 888 N.E.2d 1190, 1197 (Ill. App. 1 Dist. 2008)). In a private ICFA action like the one here, "actual loss may occur if the seller's deception deprives the plaintiff of 'the benefit of her bargain' by causing her to pay 'more than the actual value of the property.'" *Id.* (citing *Mulligan*, 888 N.E.2d at 1197-98).

Here, even if Plaintiff could show deceptive conduct on the part of Amazon, he cannot allege actual damage. Plaintiff alleges he saw a television advertised for $1,469.99 and bought the television for the same price. Simply put, Plaintiff received the benefit of his bargain.

The Seventh Circuit's decision in *Kim* reinforces that Plaintiff has failed to allege actual damage here. In *Kim*, plaintiffs claimed that a children's clothing shop violated the ICFA by advertising a 30% sale price based on a fictitious "Suggested Price" that was "substantially higher than what [the shop's] products actually sell for on a regular basis." 598 F.3d at 363. In affirming the district court's Rule 12(b)(6) dismissal of plaintiffs' claims, the Seventh Circuit found that plaintiffs failed to allege actual pecuniary loss, explaining that:

> The plaintiffs agreed to pay a certain price for [the defendant's] clothing, which they do not allege was defective or worth less than what they actually paid. Nor

10

> have the plaintiffs alleged that, but for [the defendant's] deception, they could have shopped around and obtained a better price in the marketplace. … [T]he plaintiffs in this case got the benefit of their bargain and suffered no actual pecuniary harm. It follows that the plaintiffs' allegations fail to establish the actual damages element of their ICFA claim.

*Id.* at 365 (comparing the case to *Mulligan*, 888 N.E.2d at 1197).

The Seventh Circuit reached the same decision in *Benson v. Fannie May Confections Brands, Inc.*, in which plaintiffs brought suit under the ICFA against Fannie May, claiming the chocolate boxes they purchased had a deceptive amount of "slack-fill" and were not "brimming with goodies" as expected. 944 F.3d 639 (7th Cir. 2019). The Seventh Circuit rejected plaintiffs' claim because of a lack of actual damage, finding it dispositive that plaintiffs did not allege "that the seven ounces of chocolate in the box were worth less than the $9.99 that they paid," that the chocolates were "defective," or "that they could have acquired them for a better price." *Id.* at 648.

Like the plaintiffs in *Kim* and *Benson*, Plaintiff here fails to allege that the television he purchased from Amazon was defective or worth less than what he actually paid. At most, Plaintiff alleges that "[b]ut for Amazon's improper advertising practices, Plaintiff would not have purchased the television from Amazon, or would have shopped around and paid less for the same television elsewhere." FAC ¶ 49. But Plaintiff does not allege that any other retailer sold the television at a lower price than what he paid at the time of his purchase, nor does he allege that he ever sought to return the television, even after becoming aware of the information in Exhibit D.

Because Plaintiff fails to allege any actual damage, Plaintiff cannot allege the requisite causal link between damage and Amazon's conduct to support his ICFA claim. Causation requires that Plaintiff allege "'but for the defendant's deceptive or unfair conduct,' [he] would not have been damaged." *Tyler v. Residential Credit Sols., Inc.*, No. 19 CV 7863, 2020 WL 5630474, at *2 (N.D. Ill. Sept. 21, 2020) (citation omitted). Plaintiff's failure to allege facts supporting a

11

reasonable inference of causation or damages is fatal to his claim. For this additional reason, the Court should dismiss Plaintiff's ICFA claim.

### 2. Plaintiff WCPA Claim Should Be Dismissed For Failure To State a Claim.

For the same reasons, Plaintiff's WCPA claim fails too. Like the ICFA, to plead a claim under the WCPA, the plaintiff must prove "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Kelley-Ross & Assocs., Inc. v. Express Scripts, Inc.*, No. C22-148 TSZ, 2022 WL 1908917, at *5 (W.D. Wash. June 3, 2022) (quoting *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 37, 204 P.3d 885 (Wash. 2009)).

As discussed in Section IV.A.2, Plaintiff has not and cannot show that Amazon engaged in a deceptive act or practice; nor can Plaintiff prove he suffered any actual injury, or that the injury can be linked to Amazon. Accordingly, Plaintiff's WCPA claim must be dismissed. *See e.g., Williams v. Nat'l Football League*, No. C14-1089 MJP, 2014 WL 5514378, at *3-*4 (W.D. Wash. Oct. 31, 2014) (dismissing WCPA claim for failure to show any allegations about unfair or deceptive acts or practices).

### 3. Plaintiff's ICFA and WCPA Claims Should Be Dismissed For Failure To Meet Rule 9(b)'s Particularity Standard.

Plaintiff's ICFA and WCPA claims should be dismissed for the additional reason that they fail to satisfy Rule 9(b)'s heightened pleading standards. *See Camasta*, 761 F.3d at 736; *Force Partners, LLC v. KSA Lighting & Controls, Inc.*, 2022 WL 580808, at *19 (N.D. Ill. Feb. 25, 2022). Rule 9(b) applies to claims under the ICFA when the plaintiff alleges deceptive conduct. *Camasta*, 761 F.3d at 736. Likewise, Rule 9(b) applies to claims under the WCPA when the claims rely on a "unified course of fraudulent conduct." *Nemykina v. Old Navy, LLC*, 461 F. Supp. 3d 1054, 1058 (W.D. Wash. 2020) (citing *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-04 (9th Cir.

2003)). "Rule 9(b) requires that [Plaintiff's] complaint 'state the identity of the person making the representation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff.'" *Greifenstein v. Estee Lauder Corp.*, 2013 WL 3874073, at *2 (N.D. Ill. 2013) (quoting *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)).

As set forth above, Plaintiff alleges no facts to support his claim that Amazon "engages in unfair and deceptive acts and practices" when it comes to its prices. FAC ¶¶ 64-66, 68.[6] Plaintiff's only support for his claims of deceptive conduct is the purported price history of the television on Amazon.com reflected in Exhibit D to the FAC. FAC, Ex. D. But as already established, Exhibit D does not prove Plaintiff's claims; nor does it satisfy Rule 9(b).

Indeed in *Camasta*, the Seventh Circuit held that nearly identical allegations concerning retailer Jos. A. Bank's ("JAB's") historical sale prices failed to satisfy Rule 9(b). 761 F.3d at 737-39. There, the plaintiff sought to bring an ICFA claim based on allegations that JAB's sale prices were not temporary price reductions, and included with his complaint a list of JAB's sales going back over a period of two years. *Id.* at 738. The Seventh Circuit held that Camasta's "non-exhaustive list illustrates that JAB offered a number of sales promotions to its customers over a two-year period, but it does not show a constant or perpetual sale of any particular merchandise"

---

[6] Plaintiff attaches to the FAC a 2021 case filed by the State of California against Amazon to allege that "Amazon has been previously sued for deceptive practices with respect to reference prices." FAC ¶ 37, Ex. E. However, the California case is materially different from and irrelevant to the instant action. There, the state, which is not required to prove actual injury, brought suit, and the California consumer statute that was at issue substantively differs from the law in Illinois. *See Camasta*, 761 F.3d at 738-39 (finding that plaintiff could not satisfy the requirements of Rule 9(b) on his price comparison claims under the ICFA and IUDTPA based on an unrelated investigation and Assurance of Discontinuation entered into between Jos. A. Bank and the New York Attorney General). Indeed, the Seventh Circuit noted in *Camasta* with respect to a separate New York lawsuit that "[w]hile the facts of Camasta's complaint are viewed in his favor, simply stating that the sales practices are the same in two different states during two different time periods without any factual support is insufficient to satisfy the pleading requirement." *Id.*

13

and, as such, held that "frequent sales of various items does not support an inference that those sales were fraudulent or deceptive." *Id.*

Like in *Camasta*, the price history shown in Exhibit D and the price reductions advertised to Plaintiff fail to show fraudulent conduct on the part of Amazon. Thus, Plaintiff's deficient and conclusory allegations that Amazon engaged in deceptive price advertising in violation of the ICFA and WCPA fall far short of Rule 9(b)'s standard. For this additional reason, Plaintiff's ICFA and WCPA claims should be dismissed.

### B. Plaintiff Fails to State a Claim for Breach of Contract.

Breach of contract claims require proof of "(1) offer and acceptance, (2) consideration, (3) definite and certain terms, (4) performance by the plaintiff of all required conditions, (5) breach, and (6) damages." *Ass'n Ben. Servs., Inc. v. Caremark RX, Inc.*, 493 F.3d 841, 849 (7th Cir. 2007) (citing *MC Baldwin Fin. Co. v. DiMaggio, Rosario & Veraja*, LLC, 845 N.E.2d 22, 30 (Ill. App. 1 Dist. 2006)). Plaintiff's breach of contract claim should be dismissed because, first, Plaintiff fails to allege that Amazon breached a contract, and, second, Plaintiff fails to allege that even if Amazon breached, he incurred any damages.

Here, Plaintiff alleges that Amazon breached its promises of "Prime Exclusive Savings for You" and providing "substantial savings to Prime Members at its Early Access Sale." FAC ¶¶ 52, 53.[7] But Plaintiff admits that he paid the lowest price Amazon historically offered for his exact television, and that, at times, Amazon sold that same television for roughly $1,200 more than he

---

[7] To the extent Plaintiff alleges that the FTC Guides Against Deceptive Pricing can form the basis of his contract with Amazon, such allegations are meritless. FAC ¶¶ 19, 32, 36, 52, 54. It is well-established that FTC Guides are "of course . . . guides, not fixed rules" and, as such, cannot impose any contractual obligations on Amazon. *F.T.C. v. Mary Carter Paint Co.*, 382 U.S. 46, 47-48 (1965). Moreover the case Plaintiff cites in his breach of contract claim – *Brandt v. Time Ins. Co.*, 302 Ill. App. 3d 159 (1st Dist. 1998) – is factually inapposite. *Brandt* dealt with statutory provisions applicable to insurance policies in effect at the time the policies are issued. Unlike insurance statutes, FTC Guides do not impose contractual requirements on private parties.

paid. *See* FAC, Ex. D. Indeed, Exhibit D to the FAC confirms that the price Plaintiff paid was the lowest price at which Amazon sold the television during the preceding six months. *See id*. Far from alleging breach, Plaintiff's own allegations show that Amazon fulfilled its promise to provide exclusive savings to Prime customers.

Even if Plaintiff could identify a promise that Amazon breached, his breach of contract claim still fails because Plaintiff has not alleged any damages. "Illinois law is clear that, to state a claim for breach of contract, one must be able to prove actual damage." *TAS Distrib. Co., Inc. v. Cummins Engine Co., Inc.*, 491 F.3d 625, 631 n.6 (7th Cir. 2007). As with the ICFA, actual damage, or actual pecuniary loss, means that "the value of what [Plaintiff] received was less than the value of what []he was promised." *Mulligan*, 888 N.E.2d at 1197. As explained *supra* (*see* section IV.A.2.b), Plaintiff does not and cannot allege that he received less than the value of what was promised. *Kim*, 598 F.3d at 365.

Because Plaintiff fails to allege a breach of that contract by Amazon and damages, he cannot state a claim for breach of contract and the Court should dismiss. *Id.*

## V. CONCLUSION

For each of the reasons stated above, the Court should dismiss Plaintiff's FAC with prejudice.

| | |
|---|---|
| DATE: July 27, 2023 | **MORGAN, LEWIS & BOCKIUS LLP** |
| | /s/ *Elizabeth B. Herrington* |
| | Elizabeth B. Herrington<br>Benjamin U. Kabe<br>110 North Wacker Drive, Suite 2800<br>Chicago, IL 60606<br>T: (312) 324-1445<br>F: (312) 324-1001<br>beth.herrington@morganlewis.com<br>benjamin.kabe@morganlewis.com |
| | Gregory T. Parks (*pro hac vice forthcoming*)<br>Kristin M. Hadgis (*pro hac vice forthcoming*)<br>Emily K. Wheeling (*pro hac vice forthcoming*)<br>1701 Market Street<br>Philadelphia, PA 19103<br>T: (215) 963-5000<br>F: (215) 963-5001<br>gregory.parks@morganlewis.com<br>kristin.hadgis@morganlewis.com<br>emily.wheeling@morganlewis.com |
| | *Counsel for Defendants Amazon.com, Inc. and Amazon.com Services LLC* |

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of July, 2023, I caused a true and correct copy of the foregoing **Memorandum of Law in Support of Motion to Dismiss** to be filed through the Court's CM/ECF System and served the below Counsel of Record via electronic mail:

Daniel A. Edelman
Tara L. Goodwin
Carly Roman
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379
courtecl@edcombs.com
tgoodwin@edcombs.com
croman@edcombs.com

/s/ *Elizabeth B. Herrington*
Elizabeth B. Herrington