**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

Ben Kinney, individually and on behalf of
others similarly situated,

        Plaintiff,

    v.

Amazon.com, Inc., *et al.*,

        Defendants.

Case No. 23 C 2523

Judge Jorge L. Alonso

## Memorandum Opinion and Order

Plaintiff Ben Kinney brings claims against Defendants Amazon.com, Inc. and Amazon.com Services LLC (collectively, "Amazon") under the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2, and the Washington Consumer Protection Act ("WCPA"), Rev. Code Wash. § 19.86.020, and for breach of contract. Amazon has filed a motion to dismiss Kinney's complaint for failure to state a claim (ECF No. 26), which the Court grants for the reasons below.

## Background[1]

Kinney subscribed to Defendants' Amazon Prime service, which gives users access to additional services for a monthly or annual fee. (Am. Compl. ¶¶ 11–12, ECF No. 22.) One of Amazon Prime's claimed benefits is access to exclusive online deals and savings made available

---

[1] The following factual background is taken from the allegations in Kinney's complaint (ECF No. 22), which are taken as true and construed in Kinney's favor for purposes of Amazon's motion to dismiss. *See Zahn v. N. Am. Power & Gas, LLC*, 815 F.3d 1082, 1087 (7th Cir. 2016). The court also considers "documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice," along with additional facts set forth in Kinney's brief opposing dismissal, so long as those additional facts "are consistent with the pleadings." *Phillips v. Prudential Ins. Co. of Am.*, 714 F.3d 1017, 1020 (7th Cir. 2013) (internal quotation marks omitted).

only to Amazon Prime members, including Amazon's "Early Access Sale" and "Amazon Prime Days." (*Id.* ¶¶ 13–14.) Kinney relied on being able to access those exclusive savings opportunities when agreeing to join Amazon Prime and paying its monthly fee beginning in October 2022. (*Id.* ¶¶ 16–18, 23.)

In October 2022, Kinney learned that Amazon was selling an LG television as part of an Early Access Day sale. (*Id.* ¶ 24.) Amazon priced the television at $1,496.99, marked down from $2,499 and advertised as being sold at a 40% discount. (*Id.* ¶ 25.) Amazon also included a countdown timer for the sale which indicated that the television needed to be purchased quickly to obtain the advertised discount. (*Id.*) When Kinney proceeded to purchase the television, the list price changed to $2,199 and the reference to a 40% discount was removed; the deal was instead displayed as a $700 price reduction and shown as a "Lightning Deal," though the final pre-tax price remained $1,496.99 (*Id.* ¶ 27.) Kinney purchased the television based on the listed discounts. (*Id.* ¶¶ 28–29.)

Though Kinney did not know it at the time, Amazon had previously sold the television for under $1,600 in the months leading up to the sale, but increased the price to $2,100 shortly before the sale. (*Id.* ¶¶ 26, 31, 33, Ex. D.) Kinney thus saved about $100 for the television relative to Amazon's prior pricing for the television by participating in the Early Access Day sale. (*Id.* ¶ 27.) At various times after Kinney bought the television, the television was available from Amazon and other sellers for less than what Kinney paid. (*Id.* ¶ 46.)

In April 2023, Kinney filed a class-action complaint against Amazon in this Court, which was later superseded by his operative first amended complaint (ECF No. 22) alleging claims under the ICFA and WCPA and for breach of contract. Amazon has filed a motion to dismiss

Kinney's amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), which the Court now considers. (ECF No. 26.)

## Legal Standard

"A motion under Rule 12(b)(6) tests whether the complaint states a claim on which relief may be granted." *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "'give the defendant fair notice of what . . . the claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under federal notice-pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Stated differently, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

## Discussion

The Court addresses each of Kinney's three claims below and concludes that none states a claim.

### 1. Kinney's ICFA and WCPA Claims

Kinney brings a claim against Amazon under each the ICFA and the WCPA. "To recover on a claim under the [ICFA], a plaintiff must plead and prove that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in

the course of trade or commerce, and that it caused actual damages." *Vanzant v. Hill's Pet Nutrition, Inc.*, 934 F.3d 730, 736 (7th Cir. 2019) (citation omitted). To prevail under the WCPA, "the plaintiff must prove (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation." *Panag v. Farmers Ins. Co. of Wash.*, 166 Wash. 2d 27, 37, 204 P.3d 885 (2009) (citation omitted).

Kinney asserts three bases for his ICFA and WCPA claims: (1) Amazon's promise of exclusive deals and a wide range of savings to Amazon Prime customers but use of fictitious sale prices; (2) Amazon's use of countdown timers to create a false sense of urgency; and (3) Amazon's use of inflated prices prior to sales events to then claim inflated discounts. The Court first addresses Amazon's promise of exclusive deals, then addresses the other two matters.

### A. Promises to Amazon Prime Customers Regarding Exclusive Deals

Kinney claims Amazon engaged in unfair and deceptive practices by promising Amazon Prime customers exclusive deals, including during Early Access Day sales, but misrepresenting the discounts that customers were receiving. It specifically points to Amazon's use of "strike-through" and "list" prices, which it alleges do not conform to nonbinding Federal Trade Commission guides regarding pricing.

Regardless of the specifics of Amazon's use of strike-through and list prices, exclusive deals are what Kinney was promised and what he received as a result of his Amazon Prime membership—including for the television he purchased. Kinney himself alleges he purchased the television at a savings of around $100 as part of an exclusive deal for Amazon Prime customers and does not claim he could have purchased the television from Amazon at that price without an Amazon Prime membership. He instead complains that he was not getting as good of a deal as he

thought—he was saving only $100 rather than $700. This does not change the fact that he was able to participate in exclusive sales like Early Access Day sales by becoming an Amazon Prime member—just as he was promised—and did purchase a television at an exclusive discount.

At most, Kinney indicates that he could have purchased the television for even less at some later time had he waited. This does not state a claim, since "[a] statement or label cannot mislead unless it actually conveys untrue information about a product," and Kinney does not dispute that the deal he received on his television was the best one available at the time he purchased it. *Stemm v. Tootsie Roll Indus., Inc.*, 374 F. Supp. 3d 734, 740, 743 (N.D. Ill. 2019) (adding that "[a] court may dismiss an ICFA claim at the pleading stage if the statement is not misleading as a matter of law," and "[t]hat [plaintiff] expected to receive something more than what she got, in and of itself, does not constitute actual damages" (internal quotation marks and citations omitted)); *see also Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 739 (7th Cir. 2014) (affirming dismissal where the plaintiff offered mere "speculative and conclusory" statements that he could have shopped around and found a lower price). Kinney therefore has not stated a claim under the ICFA or WCPA related to this alleged conduct.

## B.  Use of Countdown Timers and Inflating Prices Prior to Sales Events

Kinney alleges two other unfair and deceptive acts during his purchase of the television. First, he alleges that Amazon uses countdown timers that create a false sense of urgency and pressures consumers into purchasing a product. Second, he alleges that Amazon inflates its prices before sales events, which then makes the sales discounts appear larger than they really are.

Even assuming Kinney has sufficiently alleged that these acts were deceptive, he has not adequately pleaded damages and so has not stated a claim. To satisfy the damages element, Kinney must suffer "actual pecuniary loss"; that is, "that the value of what []he received was less

than the value of what []he was promised." *Mulligan v. QVC, Inc.*, 382 Ill.App.3d 620, 628, 888 N.E.2d 1190 (2008). For an action brought by an individual consumer like Kinney, "actual loss may occur if the seller's deception deprives the plaintiff of 'the benefit of her bargain' by causing her to pay 'more than the actual value of the property.'" *Kim v. Carter's Inc.*, 598 F.3d 362, 365 (7th Cir. 2010) (quoting *Mulligan*, 888 N.E.2d at 1197–98).[2]

Kinney has not alleged or argued that the price he paid for his television was less than it was worth—he admitted that it represented at least a $100 discount against the lowest available price at that time. Kinney also claims that a sense of urgency and inflated discounts were deceptive, but does not explain how the television he purchased "was defective or worth less than what [he] actually paid," or that he "could have shopped around and obtained a better price in the marketplace" at the time. *Kim*, 598 F.3d at 365 (finding no ICFA damages for alleged deceptive use of discounts based on "an inflated, fictitious 'Suggested Price'"). Kinney must allege "that he paid more than the actual value of the merchandise he received" or "did, in fact shop around and find the same [merchandise] for a lower price" notwithstanding that the sales technique he was subjected to "encourages a sense of urgency and makes customers feel 'pressure' to make purchases before an expected deadline." *Camasta*, 761 F.3d at 739 (finding no ICFA damages and upholding dismissal for failure to state a claim). Kinney has not done so, and thus has not adequately pleaded damages under the ICFA and WCPA related to Amazon's alleged countdown timers or inflated pre-sale prices.

---

[2] Neither party contends that the WCPA meaningfully differs from the ICFA regarding damages for purposes of Amazon's motion to dismiss.

Accordingly, the Court dismisses Kinney's ICFA and WCPA claims for failure to state a claim and need not address the parties' other arguments regarding those claims, including whether they meet Federal Rule of Civil Procedure 9(b)'s pleading requirements.

**2. Kinney's Breach-of-Contract Claim**

Having dismissed Kinney's ICFA and WCPA claims, the Court turns to his breach-of-contract claim. Kinney claims that Amazon breached its promise of providing exclusive, substantial savings to Amazon Prime customers by not following Federal Trade Commission guides in its pricing and fictitiously increasing the price of products before its Early Access Sale, resulting in Kinney saving $100 rather than $700 on the television he purchased.

"In order to establish a claim for breach of contract, a plaintiff must allege and prove the following elements: (1) the existence of a valid and enforceable contract; (2) performance by the plaintiff; (3) breach of contract by the defendant; and (4) resultant injury to the plaintiff." *Burkhart v. Wolf Motors of Naperville, Inc. ex rel. Toyota of Naperville*, 2016 IL App (2d) 151053, ¶ 14, 61 N.E.3d 1155 (internal quotation marks and citation omitted).

Like for Kinney's ICFA and WCPA claims related to Amazon's alleged promise to offer Kinney and other Amazon Prime customers exclusive deals, Kinney has not alleged how Amazon failed to offer him exclusive savings as an Amazon Prime customer as promised. Instead, he admits he had the exclusive opportunity to, and did, purchase a television at a $100 discount because he was an Amazon Prime customer. Thus, Amazon did not breach its alleged promise to provide him with "Prime Exclusive Savings" to recruit him into the Amazon Prime program. And to the extent Kinney points to Amazon's pricing and advertising for the television he purchased, he has not alleged damages because, as already explained for Kinney's ICFA and WCPA claims, he has not alleged that the television he purchased was worth less than what he

paid for it. *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631 n.6 (7th Cir. 2007) ("Illinois law is clear that, to state a claim for breach of contract, one must be able to prove actual damage."); *Mulligan*, 382 Ill.App.3d at 628. The Court therefore dismisses Kinney's breach-of-contract claim for failure to state a claim.

## Conclusion

The Court grants Amazon's motion to dismiss (ECF No. 26) and dismisses Kinney's amended complaint with prejudice.[3] Civil case terminated.

**SO ORDERED.**                                    **ENTERED: February 29, 2024**

_____
**HON. JORGE ALONSO**
**United States District Judge**

---

[3] Kinney has not requested leave to amend his complaint. The Court therefore dismisses his complaint with prejudice. *See Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 335 (7th Cir. 2018) ("Nothing in Rule 15, or in any of our cases, suggests that a district court must give leave to amend a complaint where a party does not request it or suggest to the court the ways in which it might cure the defects.").